# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:11-cv-277
### (3:07-cr-4)

| | | |
|---|---|---|
| CHAD V. JACOBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), as supplemented, (Doc. Nos. 3, 6), and the Government's Motion to Dismiss, (Doc. No. 12). For the reasons that follow, Petitioner's § 2255 motion will be denied and dismissed.

## I.     BACKGROUND

On April 2, 2009, Petitioner was convicted, following his guilty plea pursuant to a written plea agreement, of distributing at least 50 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). (Case No. 3:07-cr-4, Doc. No. 15: Plea Agreement; Doc. No. 16: Acceptance and Entry of Guilty Plea). At sentencing, the Court imposed 120 months' imprisonment for Count Two and 60 consecutive months for Count Three, according to the statutory mandatory minimum for each offense. (Id., Doc. No. 27: Judgment at 1-2). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, but later moved to dismiss. (Id., Doc. No. 29: Notice of Appeal; Doc. No. 46: Order).

1

Immediately upon dismissal of his direct appeal, Petitioner filed the instant § 2255 motion contending that his trial counsel was ineffective for (1) failing to object to the indictment for the firearm enhancement under Bailey v. United States, 116 S. Ct. 501 (1995), and by (2) failing to seek another continuance so that he would be sentenced after enactment of the Fair Sentencing Act. (Doc. No. 1-1 at 2-5). In his supplements, Petitioner raises a third claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), that he no longer qualifies for a sentence enhanced by a prior conviction, (Doc. No. 3 at 2), and a fourth claim under Alleyne v. United States, 133 S. Ct. 2151 (2013), that such prior conviction should have been submitted and proven to a jury, (Doc. No. 6 at 2).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The Court has considered the record in this matter and applicable authority and concludes that Petitioner's claims can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir.

1970) (affirming summary disposition where files and records conclusively show that petitioner is entitled to no relief).

III.    DISCUSSION

   A.    Ineffective Assistance of Counsel

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall have the right to the effective assistance of counsel for his defense. U.S. Const. amend. VI.  In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983).  Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice, a petitioner "must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Murray v. Carrier, 477 U.S. 478 (1986) (emphasis omitted) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Under these circumstances, a petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).  If a petitioner falls short of meeting his burden here, then "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).  In considering the performance prong, the Court

must not grant relief solely because a petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

1.      Bailey Claim

Petitioner first argues that counsel was ineffective for failing to object to the "firearm enhancement" in the indictment on the ground that it contravened the Supreme Court's holding in Bailey v. United States, 516 U.S. 137, 144 (1995), in which the Supreme Court held that Section 924(c)(1)'s "use" prong requires the Government to show "active employment of the firearm." (Doc. No. 1-1: Memorandum at 2-3).  However, after Bailey and before Petitioner committed the offense, Congress amended 18 U.S.C. § 924(c) to criminalize the "possession" of a firearm "in furtherance of" a drug trafficking crime, which includes a defendant possessing a gun to defend against someone trying to steal drugs or drug profits, to collect during a drug deal, or to serve as protection in the event that a deal turns sour.  See United States v. Lomax, 293 F.3d 701, 704-05 (4th Cir. 2002) (giving examples of conduct that would violate statute as amended).

Here, Petitioner was charged with and admitted to possessing the firearm in furtherance of his drug trafficking crime. (Case No. 3:07-cr-4, Doc. No. 1: Indictment at 2; Doc. No. 15: Plea Agreement at 1; Doc. No. 38: Plea Hr'g Tr. at 10-11, 15).  According to the Presentence Report (PSR), to which Petitioner did not object, Petitioner sold over two ounces of crack cocaine to an undercover police officer and possessed a pistol in the console of the truck in which he arrived at the deal. (Doc. No. 19: PSR at 5, 19).  Such facts provided an adequate factual basis for his

conviction under § 924(c). Petitioner has not shown how counsel's performance fell below an

objective standard of reasonableness and that the argument Petitioner suggests would have

resulted in a different outcome. Therefore, the record clearly shows he is not entitled to relief on

this claim of ineffective assistance of counsel.

2.      Fair Sentencing Act Claim

Petitioner also contends that his attorney was ineffective for failing to seek another

continuance so that Petitioner would be sentenced after enactment of the Fair Sentencing Act.[1]

(Doc. No. 1-1 at 3-4). When Petitioner was sentenced in June 2010 he was subject to a statutory

minimum sentence of ten years' imprisonment for distributing 50 grams or more of crack

cocaine. 21 U.S.C. § 841(b)(1)(A) (2010). The Fair Sentencing Act of 2010 (FSA), Pub. L. No.

111-220, 124 Stat. 2372, signed into law August 3, 2010, increased the quantity of crack cocaine

necessary to trigger that mandatory minimum sentence to 280 grams.

Petitioner has not shown any reason to believe that counsel could have known when the

President would sign the bill into law or that the Court would have granted another continuance

if asked. Additionally, counsel could not have predicted that years later the Supreme Court

would apply the FSA retroactively to defendants sentenced after the enactment date. See Dorsey

v. United States, 132 S. Ct. 2321, 2330 (2012) (summarizing the disagreement within the courts

of appeals as to whether the FSA applied retroactively to those defendants). An objective

standard of reasonable performance does not require counsel to predict the legal future. See

United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment does not

require counsel for a criminal defendant to be clairvoyant."); and Valenzuela v. United States,

---

[1] The Court had granted one continuance of the trial date and denied a second request. (Case No. 3:07-cr-4, Doc. Nos. 11, 14: Orders). The Court had also granted a continuance of the sentencing date. (Doc. No. 22: Order). Thus, there had already been a substantial delay from the date of the offense on June 2, 2006, to the date of sentencing on June 7, 2010.

261 F.3d 694, 700 (7th Cir. 2001) (defense counsel could not be found ineffective for failing to

predict the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)).

Therefore, the record clearly shows that Petitioner is not entitled to relief on this claim of

ineffective assistance of counsel.

        B.      <u>Simmons</u> and <u>Alleyne</u> Claims

In his supplements, Petitioner complains that the Court improperly enhanced his sentence

with a prior conviction that no longer qualifies under <u>United States v. Simmons</u>, 649 F.3d 238

(4th Cir. 2011), and that the Court improperly found that fact of prior conviction, instead of

submitting it to a jury under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). (Doc. No. 3:

Supplement at 2; Doc. No. 6: Supplement at 2).  Petitioner's reliance on these cases is misplaced

because his sentence was not affected by any prior conviction, but only the drug quantity and

conduct he admitted with his plea.[2]  Thus, he was sentenced to the statutory mandatory minimum

for both counts, (Case No. 3:07-cr-4, Doc. No. 19: PSR at ¶ 66), and the record clearly shows he

is not entitled to relief based on this claim of sentencing error.

**IV.**    **CONCLUSION**

        **IT IS, THEREFORE, ORDERED** that:

        1.      The Government's Motion to Dismiss, (Doc. No. 12), is **GRANTED**;

        2.      Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**; and

---

[2]  The Government did not file an information pursuant to 21 U.S.C. § 851 to trigger an
enhanced penalty based on a prior conviction and the plea agreement recites that the drug offense
required a sentence of at least ten years without any prior convictions. (Case No. 3:07-cr-4, Doc.
No. 15 at 1).

3.       Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court

**DECLINES** to issue a certificate of appealability as Petitioner has not made a substantial

showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537

U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong). <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on

procedural grounds, a petitioner must establish both that the correctness of the dispositive

procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of

a constitutional right).

Signed: September 8, 2014

Robert J. Conrad, Jr.
United States District Judge